{¶ 72} I concur in the majority's analysis and disposition of appellant's first, third and fifth assignments of error.
 {¶ 73} I further concur in the majority's analysis and disposition of appellant's fourth assignment of error. I write separately only to note the statement made by appellant after she indicated she did not want to make a statement without a lawyer: to wit ". . . Whatever's on that paperwork that I've already filled out regards to a statement [the written statement secured by K-mart personnel], that's correct" — was not the result of an additional question posed by Officer McKnight. Rather, it was a statement gratuitously offered by appellant. As such, no Miranda violation occurred.
 {¶ 74} Finally, I concur in the majority's analysis and disposition of appellant's second assignment of error. I write separately only to note I question whether a statement made to private security personnel, albeit involuntary, is subject to suppression under the Fifth Amendment.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed.
Costs assessed to Appellant.